FRANKLIN C. THOMAS, PLAINTIFF IN ERROR, VS. THE STATE OF FLORIDA, DEFENDANT IN ERROR.

##### CRIMINAL LAW—EMBEZZLEMENT—CHARGE OF COURT.

In the trial of an accused indicted as an agent or attorney for embezzlement, where there is an issue and conflicting evidence with reference to the fiduciary relationship of the accused to the thing embezzled, it is error for the court to instruct the jury as matter of law that: "If defendant was constituted the agent of the prosecutor to sell lands, such agency continued until the full payment of the purchase money; and if defendant had originally the right to collect the money as agent, such agency continued until payment to his principal." The continuance or length of duration of an agency to sell lands, collect money, or to perform any other act for or in the stead of another, depends entirely upon the facts and circumstances in proof touching such agency.

Writ of Error to the Criminal Court of Record for Marion county.

The facts of the case are stated in the opinion of the court.

*Isaac L. Purcell* and *R. B. Bullock* for Plaintiff in Error.

*The Attorney-General* for Defendant in Error.

TAYLOR, J.:

The plaintiff in error, upon information filed by the county solicitor, was tried and convicted in the Criminal Court of Record in Marion county, of the crime of embezzlement, and was sentenced to imprisonment in the penitentiary for one year, and asks a reversal here upon writ of error.

The first error assigned is the overruling of the defendant's motion to quash the information as to the first and second counts. The information is as follows:

F. C. Thomas v. The State of Florida.—Opinion of Court.

"In the name and by the authority of the State of Florida. R. A. Burford, county solicitor for the county of Marion, prosecuting for the State of Florida, in the said county, under oath, information makes that Franklin C. Thomas, attorney-at-law, of the county of Marion, and State of Florida, on the first day of January, in the year of our Lord one thousand eight hundred and ninety-three, in the county and State aforesaid, then and there being the attorney and agent of one Charles Brown, did embezzle and fraudulently convert to his own use, without the consent of the said Charles Brown, two certain promissory notes, one for the sum of three hundred dollars ($300), made at Ocala, Florida, and dated March 4th, 1892, due and payable to the order of said Charles Brown, on or before September 4th, 1892, said note being signed by Saml. W. Teague, of the value of three hundred dollars, of the goods and chattels of the said Charles Brown; and the other of said notes being for the sum of four hundred dollars, ($400), made at Ocala, Florida, and dated May 5th, 1892, due and payable to the order of the said Charles Brown, ninety days after date, signed by Samuel W. Teague, of the value of four hundred dollars, of the goods and chattels of Charles Brown, which said two promissory notes came into the possession of the said Franklin C. Thomas by nature of his employment as an attorney and agent aforesaid. Against the form of the statute in such case made and provided, and against the peace and dignity of the State of Florida.

"Second count: And the county solicitor aforesaid, who prosecutes as aforesaid, in manner and form aforesaid, further information makes: That one Franklin C. Thomas, attorney-at-law, of the county of Marion and State of Florida, on the first day of Janu-

ary, in the year of our Lord one thousand eight hundred and ninety-three, in the county and state aforesaid, then and there being the attorney and agent of one Charles Brown, seven hundred dollars ($700), lawful money of the United States of America, the denomination of which and a more particular description thereof are to the county solicitor unknown, of the money and property of the said Charles Brown, of the value of seven hundred dollars, which came to the possession and under the care of him, the said Franklin C. Thomas, by nature of such employment as an attorney and agent aforesaid, did embezzle and fraudulently convert to the use of the said Franklin C. Thomas, without the consent of his employer, the said Charles Brown. Against the form of the statute in such case made and provided, and against the peace and dignity of the State of Florida.

"Third count: And the county solicitor aforesaid who prosecutes as aforesaid, in manner and form aforesaid, further information makes: That the said Franklin C. Thomas, of the county of Marion and State of Florida, on the first day of January, in the year of our Lord one thousand eight hundred and ninety-three, in the county and state aforesaid, being then and there an attorney-at-law, whose legitimate business required him to receive the money or property of other persons, did by virtue of his said business and profession as an attorney-at-law, then and there receive for one Charles Brown, whose attorney and agent he, the said Franklin C. Thomas, then and there was, the sum of seven hundred dollars ($700), lawful money and currency of the United States of America, the denomination of which and a more particular description thereof are to the county solicitor unknown, of the value of seven hundred dollars, of the money and property of the

said Charles Brown, so as to prove himself, the said Franklin C. Thomas, a defaulter therein. Against the form of the statute," etc.

Without specifying the various grounds of the motion to quash, as none of them are urged or argued here, we find no error in the court's ruling upon such motion. The court correctly quashed the information as to its *third* count, as it charges no offense known to our law, but as to the first and second counts the motion to quash was properly overruled, because both of such counts charge the offense substantially in the language of the statute (Section 2457 Rev. Stats.) defining embezzlement, under which the information was laid, which is sufficient. People vs. Tomlinson, 66 Cal., 344.

The second error assigned is the ruling of the court in permitting the following question to be propounded by the counsel for the State to the prosecuting witness: "Brown, I understood you to say yesterday that you never sold or transferred to F. C. Thomas the notes given you by Mr. Teague; that if you did make such a transfer of these notes you did so for the purpose of having Thomas collect your money for you from Mr. Teague, and pay the same over to you, is that so?" The objection was that the question was leading. The question as framed does rather too fully and minutely put the words in the mouth of the witness, but in view of the evident illiteracy of the witness and the wide discretion vested in the trial court over the interrogation of witnesses, we can not say that it was reversible error.

The third error assigned is the admission in evidence of the two notes alleged to have been embezzled, the objection to their admission being that they had not been identified, before being offered in proof, as the notes

alleged to have been embezzled. There is no merit in this assignment; the notes offered carried upon their face the evidence of their identity as being the same instruments described in the information.

The fourth, fifth and seventh assignments of error, to the effect that the court erred in overruling the defendant's motion for a new trial and in arrest of judgment on the ground that the verdict was contrary to the evidence, and not supported thereby, and contrary to the charge of the court, we will not discuss because the conclusion we have reached upon another error assigned necessitates a reversal and another trial of the cause.

The sixth assignment of error is the giving of the second, sixth and seventh instructions. When considered in connection with all the instructions given we do not think the second and sixth instructions were improper. The seventh instruction was as follows: "If you find from the evidence, beyond a reasonable doubt, that the defendant was constituted the agent of Brown to sell lands, such agency continued until the full payment of the purchase money; and if defendant had originally the right to collect the money as agent, such agency continued until payment to Brown." The error of the seventh instruction above is evident. The continuance or length of duration of an agency to sell lands, collect money, or to perform any other act for or in the stead of another, depends entirely upon the facts and circumstances in proof touching such agency; therefore it was erroneous for the court to charge as a matter of law that an agency to sell land continued until the full payment of the purchase money therefor; and that an authority to collect money for another continued until payment was made to the principal. In

view of the evidence in the cause this instruction was material error, and because of it there must be a reversal.

The ninth assignment of error is the refusal by the court to give defendant's charge number four as requested, *viz:* "Where one places his money in the hands of another, relying on his honesty or responsibility for its return with stipulated interest, then a failure of the party to properly account for the money so received will not subject him to a criminal prosecution for embezzlement." Under the facts in proof this charge was not applicable.

The tenth assignment is the omission by the court, in giving the following charge requested by defendant, of the words embraced therein in brackets, *viz:* "Intent to embezzle and convert to one's own use is a necessary element in embezzlement, and, therefore, before the offense can be made out, it must distinctly appear that the defendant has acted with a felonious intent, and made an intentional wrong disposal [including a design to cheat and defraud the owner]; therefore if you believe from the evidence the defendant used the money and appropriated the same, without any felonious intent, [and without any design at the time to cheat and deceive the owner] he is not guilty, and it is your duty to so find." The charge was given, omitting the words embraced in brackets, and this omission is the error assigned. We do not think that the omitted words were necessary to the making out of the offense, in view of the other language used in the charge that conveyed fully the necessary idea that the conversion must be proved to have been made with a wrongful and felonious intent.

The eleventh and last assignment of error, the overruling by the court of the defendant's motion for re-

hearing of his motion for new trial on the ground of newly discovered evidence, it becomes unnecessary to consider.

For the error found, the judgment of the court below is reversed, and a new trial ordered.